IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>                Plaintiff, )<br>  )<br>v. )<br>  )<br>TIFFANY SHANICE ANDERSON, )<br>  )<br>                Defendant. ) | Case No. 4:13-cr-010<br><br>UNITED STATES' SENTENCING<br>MEMORANDUM |

The United States of America by Timothy Q. Purdon, United States Attorney for the District of North Dakota, and Rick L. Volk, Assistant United States Attorney, submits this Sentencing Memorandum to provide the Court with a sentencing recommendation in this case.

The Presentence Investigation Report ("PSR") determined a total offense level 15 and criminal history category II, with a resulting advisory guideline sentencing range of 21 – 27 months in Zone D of the sentencing table.  This Guideline range is an appropriate range within which to sentence Anderson based upon the offense conduct, the circumstances surrounding the offense, and her past history.

Anderson's conduct in this case can only be described as extreme.  Over the course of two full months (October – December 2012), Anderson contacted locations on or within the Minot Air Force Base to engage in harassing and threatening conduct, stopping only after she was finally arrested on December 20, 2012, following issuance of a criminal complaint in this case.  The harassing and threatening conduct continued despite her arrest in the State of California in early November 2012 following the initial

threat call to the Minot Air Force Base.  Thus, the threat of potential incarceration did nothing to alter her behavior.  Instead, Anderson chose to thumb her nose at authorities, and continue to disrupt lives on the Minot Air Force Base.  The final threat – threatening to shoot children at the Head Start – was particularly cruel and disruptive, coming mere days after the Sandy Hook Elementary School shooting in Newtown, Connecticut.  While the harassing conduct (calling the MAFB emergency line hundreds of times in October 2012) initially involved Anderson utilizing her own name, Anderson's conduct progressed to sophisticated manipulation and deception, laying groundwork to make it appear her ex-boyfriend was behind the threatening conduct in an effort to ruin his life.

      The Defendant's sentencing memorandum indicating the only blemish on Anderson's record is an unlawful fighting conviction in 2010 fails to recognize the myriad of troubling behavior engaged in by Anderson through her young life.  The PSR notes two violent episodes as a juvenile, one involving a fight at a basketball game at which Anderson was cheerleading, and the other for striking her mother.  The adult conviction involved causing bodily injury to another person as well.  The PSR refers to other deviant behavior as well, including scratching her mother's car, arguing with a former boyfriend and his mother, and breaking a window.  This behavior concerned Anderson's mother to the extent she sought out mental health treatment for Anderson.  The PSR documents other deviant behavior directed at those Anderson has been in a relationship with, such as ordering cellular phones in the name of her ex-boyfriend and engaging in harassing conduct toward her ex-boyfriend's parents.  Further, the PSR notes

Anderson's mental health counseling records document repeated deviant behavior toward her mother, and conflict regarding relationships with boyfriends, former boyfriends, coworkers and others, and difficulty with honesty.  Relationship issues continue to cause Anderson problems, as Anderson acknowledges her desire to get her ex-boyfriend in trouble motivated her conduct in this case.  Anderson's historical inability to utilize healthy means of dealing with stress in her relations with other persons should give this Court concern about her ability to comply with conditions of supervision.

      The Defendant has requested a variance, specifically asking for a sentence of time served.  This, in part, appears to be motivated by a matter of convenience, in that her mother intends to be present for sentencing and desires to return to California with Anderson on the day of sentencing.  Given Anderson's conduct in this case, sentencing should not be meted out based on convenience.  One can hardly say that Anderson was concerned in any way with convenience to the Minot Air Force Base personnel who had to react to her false threats on multiple occasions, or for the convenience of the parents of the Head Start children who had to wait outside the locked-down school wondering what was happening with their children, or for the teaching staff at the Head Start whose day was entirely disrupted by Anderson's conduct.  Under these circumstances, a sentence based on the convenience to Anderson and her family rings hollow.

      Anderson has requested this Court find that her criminal history is overstated. While the United States believes the PSR has correctly calculated Anderson's criminal

history score, and that the score adequately reflects her criminal history, the United States takes no position with respect to the request as it intends to recommend a sentence within the range that would otherwise apply.

A sentence of 24 months imprisonment (the middle of the calculated sentencing range, or high end of a reduced sentencing range) is reasonable and appropriate based on the seriousness of Anderson's conduct and her past behavior.

Dated this 20th day of February, 2014.

TIMOTHY Q. PURDON
United States Attorney

By: */s/ Rick L. Volk*
RICK L. VOLK
Assistant United States Attorney
P. O. Box 699
Bismarck, ND  58502-0699
(701) 530-2420
N.D. Bar Board ID No. 04913
Attorney for United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 4:13-cr-010 |
| Plaintiff, ) | |
| ) | <u>CERTIFICATE OF SERVICE</u> |
| -vs- ) | |
| ) | |
| TIFFANY SHANICE ANDERSON, ) | |
| ) | |
| Defendant. ) | |

I hereby certify that on February 20, 2014, the following documents:

United States' Sentencing Memorandum

Certificate of Service

were filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

William D. Schmidt:  teri_ell@fd.org

I further certify that a copy of the foregoing documents and the Notice of Electronic Filing will be mailed by first class mail, postage paid, to the following: (N/A)


Dated: February 20, 2014            */s/ Rick L. Volk*
                                    Rick L. Volk
                                    Assistant United States Attorney

5